**SO ORDERED.**

**SIGNED this 18 day of January, 2013.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
RALEIGH DIVISION

IN RE:

JOHN ALFRED KINTZELE, JR.,                    CASE NO. 12-04916-8-JRL

   DEBTOR.                                                    CHAPTER 7

**ORDER**

This matter came before the court on the bankruptcy administrator's motion to dismiss pursuant to 11 U.S.C. §§ 707(b)(1) and 707(b)(3). A hearing on the matter was held on January 15, 2012, in Raleigh, North Carolina.

The debtor filed a voluntary petition under chapter 7 of the Bankruptcy Code on July 5, 2012. On August 7, 2012, the debtor appeared at the meeting of creditors. The chapter 7 trustee entered a "report of no distribution" in the case. On August 17, 2012, the bankruptcy administrator filed a statement of presumed abuse and on September 17, 2012, this motion to dismiss was filed on the grounds that the debtor should be required to file a means test as his debt was not primarily business debt. In a supplement to her motion to dismiss, filed on January 15, 2012, the bankruptcy administrator argued that the tax debt, which the debtor classified as business debt, is properly classified as consumer debt.

The Sixth Circuit's decision in IRS v. Westberry (In re Westberry), 215 F.3d 589 (6th Cir. 2000) addressed the question of whether a tax debt was a consumer debt for purposes of 11 U.S.C. § 1301. The court found four differences between tax debt and consumer debt, the sum of which, led the court to conclude that the tax debt could not be considered consumer debt. Tax debt is not incurred voluntarily, while consumer debt is. Id. at 591. Tax debt is incurred for a public purpose while consumer debt is statutorily defined as being incurred for personal or household purposes. Id. Consumer debt is generated by consumption whereas tax debt results from the earning of money. Id. Finally, unlike taxes, consumer debt typically involves the extension of credit. Id. Virtually every court that has considered the issue has concluded that tax debt is not considered consumer debt. See In re Brashers, 216 B.R. 59, 60-61 (Bankr. N.D. Okla. 1998) (income tax obligations are not consumer debts under §707(b)); In re Stovall, 209 B.R. 849, 854 (Bankr. E.D. Va. 1997) (personal property tax is not consumer debt for § 1301 purposes); In re Dye, 190 B.R. 566, 567 (Bankr. N.D. Ill. 1995) ("federal tax liability is not consumer debt" for § 1301 purposes); In re Greene, 157 B.R. 496, 497 (Bankr. S.D. Ga. 1993) (same); Goldsby v. U.S. (In re Goldsby), 135 B.R. 611, 613-15 (Bankr. E.D. Ark. 1992) (same); In re Traub, 140 B.R. 286, 288 (Bankr. D.N.M. 1992) (same); In re Reiter, 126 B.R. 961, 964 (Bankr. W.D. Tex. 1991) (same); Harrison v. IRS (In re Harrison), 82 B.R. 557, 558 (Bankr. D. Col. 1987) (same); Pressimone v. IRS (In re Pressimone), 39 B.R. 240, 245 (N.D.N.Y. 1984) (same). To the extent that the Fourth Circuit's ruling in Kestell v. Kestell (In re Kestell), 99 F.3d 146 (4th Cir. 1996) suggests that circuit precedent requires a finding contrary to Westberry, this court rejects that argument as Kestell did not involve a tax debt and therefore is not controlling on the issue.

This court agrees with the reasoning in Westberry on the question of whether the debtor's tax debt is consumer debt. Based on the record before the court, it was proper to classify the tax debt as non-consumer debt. Accordingly, the bankruptcy administrator's motion to dismiss case for abuse is **DENIED**.

**END OF DOCUMENT**